Marcie E. Schaap #4660
Joseph D. Amadon #16386
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive   #333
Salt Lake City, Utah 84117
Telephone:     (801) 201-1642
Facsimile:      (801) 666-7749
E-mail:
marcie@marcieeschaap.com
joe@marcieeschaap.com

Attorneys for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN LIFE FLIGHT, | **COMPLAINT** |
| Plaintiff, | |
| | Case No. 2:18-CV-000884-BSJ |
| v. | |
| | Judge Bruce S. Jenkins |
| OLDCASTLE, INC., OLDCASTLE, INC. HEALTH AND WELFARE BENEFITS PLAN, and ANTHEM BLUE CROSS AND BLUE SHIELD, | |
| Defendants. | |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1

1. Plaintiff, IHC HEALTH SERVICES, INC. ("IHC"), provides medical services in Intermountain Area, including INTERMOUNTAIN LIFE FLIGHT ("Life Flight" or the "Provider"), in Salt Lake City, Utah.

2. IHC and the Life Flight may be referred to collectively herein as "Plaintiff."

3. V.J. received medical services from Plaintiff on September 14, 2015 ("Date of Service" herein).

4. V.J. was, at all times relevant hereto, a resident of the State of Utah.

5. OLDCASTLE, INC. ("Oldcastle" herein) is a foreign corporation.

6. ANTHEM BLUE CROSS AND BLUE SHIELD ("BXBS" herein) is a foreign corporation.

7. Oldcastle is the Plan Administrator of the Plan.

8. Oldcastle sponsored the Oldcastle, Inc. Health and Welfare Benefits Plan (the "Plan") of which V.J. was a beneficiary.

9. Oldcastle contracted with BXBS to act as Claims Administrator for the Plan.

10. BXBS is an agent of Oldcastle in the administration of the Plan.

11. Oldcastle, the Plan, and BXBS may be referred to collectively herein as "Defendants."

12. V.J. signed a written assignment of benefits in favor of Plaintiff for all relevant claims herein.

13. This is an action brought by the Plaintiff to collect amounts owed for medical claims which were unpaid by the Defendant which resulted from health care services provided to V.J.

14. This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills, which the Defendants refuse to pay in full.

15. This is an action brought under ERISA. This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendants (or their agents) in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah. Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

16. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for other appropriate equitable relief under 29 U.S.C. §1132(a)(3), and for interest and attorneys' fees under 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

### A. Medical Treatment

17. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

18. On September 14, 2015, V.J. presented to the Emergency Department at Roosevelt, Utah for massive hemorrhaging after a colonoscopy.

19. There is no gastroenterologist in Roosevelt or the Uintah Basin region.

20. The patient lives in Altamont, Utah. This is a very rural area, and it is a 120-150 mile drive to the Provo/Salt Lake City, Utah area where there are physicians that could provide care for her.

21. Due to hemodynamic instability and unknown bleeding source, V.J. was transported by Life Flight to Utah Valley Regional Medical Center in Provo, Utah.

22. The physicians involved in her care stated with confidence that air transport was necessary to save V.J.'s life and that the facilities that were closer would not have been capable of taking care of her.

23. The total amount of Plaintiff's Billed Charges for the treatment rendered to V.J. at the Hospital on the Dates of Service were $21,788.50 ("Billed Charges").

### B. Claims and Claim Processing

24. The Plaintiff submitted a claim to the Defendant in a timely manner for V.J.'s treatment.

25. The Defendant paid $0.00 to the Plaintiff for this claim.

26. The Defendant denied this claim based on its assertion that the services were provided out not medically necessary.

27. The Defendant has not provided any evidence that the treatment provided was not medically necessary.

28. The Plaintiff was engaged in written and oral communications with the Defendant for several years.

29. The Plaintiff appealed Defendant's benefit denial on January 9, 2016; May 3, 2016; and July 14, 2016.

30. Plaintiff's litigation counsel, Ms. Marcie E. Schaap, sent a final appeal letter to the Defendant and/or its agents on March 1, 2017.

31. All of Plaintiff's communications with the Defendant and its agents, including its appeals, were timely.

32. The parties have communicated with the Defendant and/or its agents many times by phone as set forth in the electronic and written records kept by the Plaintiff of the communications it has had with the Defendant during the appeal process.

33. A copy of the Plaintiff's communication records was sent to the Defendant prior to this litigation being filed.

34. The Defendant has not paid the Plaintiff for the treatment rendered.

35. A balance of $21,788.50 is still due to the Hospital for the services it rendered to V.J.

## FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. § 1132(a)(1)(B))

36. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37. The Plaintiff has submitted all proof necessary to the Defendants to support its claim for payment.

38. The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

39. The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff, or available to it, which has caused the Defendants to deny this claim.

40. The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports their denial of the claims for V.J.'s treatment.

41. The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

42. The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

43. The actions of the Defendants, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

44. The actions of the Defendants have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

45. The Defendants have not offered any proof that Plaintiff's billed charges were not medically necessary.

46. The actions of the Defendants have caused damage to the Plaintiff by denying full payment of medical benefits that should have been covered under the terms of the Plan.

47. The Defendants are responsible to pay the balance of the claim for V.J.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $21,788.50, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 30th day of November, 2018.

**MARCIE E. SCHAAP, ATTORNEY AT LAW, P.C.**

By: /s/ Marcie E. Schaap
       Marcie E. Schaap
       Attorney for Plaintiff